UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

LUIS TORIBIO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CORRECTED PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT**

22 Cr. 246 (GHW)

WHEREAS, on or about April 29, 2022, LUIS TORIBIO (the "Defendant"), was charged in a one-count Information, 22 Cr. 246 (GHW) (the "Information"), with bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property:

    a. Any and all funds seized on or about September 9, 2020 from Capital One Bank Account 7528402644, held by Conciliation USA, Inc. (the "Conciliation Account"); and

    b. Any and all funds seized on or about September 9, 2020 from Kearny Bank Account 2944013777, held by TRM Multiservices, LLC (the "TRM Account");

WHEREAS, on January 8, 2021, the Government filed a Verified Civil Complaint for Forfeiture, 21 Civ. 174 (AT) (the "Civil Action"), seeking forfeiture of the following funds seized from the Conciliation Account and the TRM Account:

      a. $136,096.57 in United States currency formerly on deposit in the Conciliation Account; and

      b. $285,874.95 in United States currency formerly on deposit in the TRM Account;

(a. and b. collectively, the "Specific Property");

    WHEREAS, on or about February 23, 2021, the Defendant filed a claim in the Civil Action (the "Claim"), asserting an interest in the Specific Property;

    WHEREAS, on or about April 29, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A): (i) a sum of money equal to $7,684,416.96 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) all of his right, title and interest in the Specific Property;

    WHEREAS, on or about August 17, 2022, the Court sentenced the Defendant and entered a Judgment in a Criminal Case (the "Judgment"), ordering, among other things, the forfeiture of the Defendant's interest in the Specific Property (D.E. 34);

    WHEREAS, on or about August 16, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Consent Order of Forfeiture"), imposing a forfeiture money judgment against the Defendant in the amount of $7,684,416.96 in United States currency (D.E. 33);

    WHEREAS, the Consent Order of Forfeiture inadvertently omitted authorization by the Court for the Government's continued seizure of the Specific Property and failed to provide for the disposition of the rights of potential third-parties to the Specific Property;

WHEREAS, the Government is now seeking to correct the Consent Order of Forfeiture to so order the Government to enable it comply with the Rules and the sentence imposed by this Court by authorizing the continued seizure by the Government of the Specific Property, and providing for the rights of potential third-parties pending final disposition by this Court; and

WHEREAS, the Consent Order of Forfeiture shall in all other respects remain unchanged and fully incorporated herein;

NOW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. Upon entry of this Corrected Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties and Forfeitures, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

2. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

3. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

        4.        Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

        5.        Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

        6.        Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

        7.        Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE INTENTIONALY LEFT BLANK]

8. The Court shall retain jurisdiction to enforce this Corrected Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____          _____
HONORABLE GREGORY H. WOODS                              DATE
UNITED STATES DISTRICT JUDGE