UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA            :   DECLARATION IN SUPPORT OF
                                        CORRECTED PRELIMINARY
        - v. -                       :   ORDER OF FORFEITURE AS TO
                                        SPECIFIC PROPERTY/
LUIS TORIBIO,                        :   MONEY JUDGMENT
                                     :
            Defendant.                   22 Cr. 246 (GHW)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK          )
COUNTY OF NEW YORK         : ss.:
SOUTHERN DISTRICT OF NEW YORK )

SHEB SWETT, under penalty of perjury, declares:

1. I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York, attorney for plaintiff herein. I have responsibility for the above-captioned matter, and as such, I am familiar with the facts and circumstances of this case. This Declaration is submitted in support of the Government's application for a Corrected Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

2. On or about January 8, 2021, the United States commenced an *in-rem* forfeiture action by the filing of a Verified Civil Complaint for Forfeiture under docket number 21 Civ. 175 (AT) (the "Civil Action"), seeking the forfeiture of the following:

   a. $136,096.57 in United States currency formerly on deposit in Capital One Bank Account 7528402644, held by Conciliation USA, Inc. (the "Conciliation Account"), and

   b. $285,874.95 in United States currency formerly on deposit in Kearny Bank Account 2944013777, held by TRM Multiservices, LLC (the "TRM Account"),

(a. and b., collectively, the "Specific Property").

3. On or about February 23, 2021, the Defendant filed a claim in the Civil Action (the "Claim"), asserting an interest in the Specific Property.

4. On or about April 29, 2022, LUIS TORIBIO (the "Defendant"), was charged in a one-count Information, 22 Cr. 246 (GHW) (the "Information"), with bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count One), arising from the same conduct asserted in the Civil Action.

5. The Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property:

   a. Any and all funds seized on or about September 9, 2020 from the Conciliation Account; and

   b. Any and all funds seized on or about September 9, 2020 from the TRM Account;

6. On or about April 29, 2022, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A): (i) a sum of money equal to $7,684,416.96 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) all of his right, title

and interest in the Specific Property.

5. On or about August 17, 2022, the Court sentenced the Defendant and entered Judgment in a Criminal Case (the "Judgment") (D.E. 34), ordering, among other things, the forfeiture of the Defendant's interest in the Specific Property.

6. On or about August 16, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Consent Order of Forfeiture") (D.E. 33), imposing a forfeiture money judgment against the Defendant in the amount of $7,684,416.96 in United States currency.

7. The Consent Order of Forfeiture further provided that should the Defendant make a payment to the Government of $90,000 within one year of the entry of judgment the "Payment"), the Government will accept the Payment in full satisfaction of the money judgment provided the Specific Property is also forfeited to the Government.

6. The Consent Order of Forfeiture inadvertently omitted authorization from this Court for the Government's continued seizure of the Specific Property and to provide for the disposition of the rights of potential third-parties, without which, the Government is unable to properly obtain a final order of forfeiture with respect to the Specific Property.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "[t]he entry of the Preliminary Order of Forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights."  Fed. R. Cr. P. 32.2(b)(3).

7. The Government is now seeking to correct the Preliminary Order of Forfeiture, requesting that the Court "So Order" such authorization to enable the Government to comply with both the sentence imposed by this Court, and with Rule 32.2 of the Federal Rules of Criminal Procedure.

8. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36.

11. "[W]here, as here, there is no dispute about notice to the defendant, the court's intent, or the propriety of the result; where the defendant has in fact stipulated to the forfeiture; and where the court has already embodied its intent in an uncontested preliminary order of forfeiture, its omission of forfeiture in the final sentence is for all practical purposes tantamount to a mere clerical error." *United States v. Williams*, No. 07-CR-437-BR, 2009 U.S. Dist. LEXIS 148622, at *7-8 (D. Or. May 26, 2009) (quoting *United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005))' *see also*, *United States v. Fuller*, 801 F. App'x 14, 18 (2d Cir. 2020) (remanded on other grounds) (where forfeiture was in the indictment and plea agreement, and the government posted and the district court so-ordered the preliminary order of forfeiture, the failure to reference forfeiture at sentencing was mere procedural error to be corrected in accordance with Rule 36); *United States v. Portillo,* 363 F.3d 1161, 1165 (11th Cir. 2004) (the court was correct to change the written judgment so that it reflects the oral sentencing pronouncement); *Borgesano v. United States*, No. 20-11453, 2021 U.S. App. LEXIS 20354, at *8 (11th Cir. July 9, 2021) ("[W]hen a court corrects a clerical mistake, no new judgment arises for the purposes of Federal Rule of Appellate Procedure 4(b)(1)(A)." (quoting *Patterson v. Fla. Dep't*

*of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (*en banc*) (citing *Portillo*, 363 F.3d at 1165-66))).

12. This Amended Order will not alter the sentence of this Court in any way, nor alter the rights of the Defendant, but rather will allow the Government to comply with the judgment and sentence, as well as the Rules of this Court, by authorizing the continued seizure by the Government of the Specific Property pending notice to potential claimants and the disposition of the rights of any potential third-party petitioners. Should no third-party claims be filed, the Government intends to move for the entry of a final order of forfeiture with respect to the Specific Property.

13. Upon entry of a final order of forfeiture with respect to the Specific Property, the Government intends to move to dismiss the Civil Action.

14. Accordingly, the Government respectfully requests that the Court enter the proposed Corrected Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

I declare the foregoing to be true and correct pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
June 12, 2023

_____
SHEB SWETT
Assistant United States Attorney